1  BRYAN A. MERRYMAN (SBN 134357)
   bmerryman@whitecase.com
2  RACHEL J. FELDMAN (SBN 246394)
   rfeldman@whitecase.com
3  JONATHAN A. ALON (SBN 265102)
   jalon@whitecase.com
4  WHITE & CASE LLP
   633 W. Fifth Street, Suite 1900
5  Los Angeles, CA 90071-2007
   Telephone:  (213) 620-7700
6  Facsimile:   (213) 452-2329

7  Attorneys for Defendant
   TIME WARNER CABLE INC.
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                   WESTERN DIVISION

12

13  TODD BURTON, on behalf of          Case No. CV12-06764 JAK (AJWx)
    himself and all others similarly
14  situated,                          **DEFENDANT TIME WARNER
                                        CABLE INC.'S REQUEST FOR
15             Plaintiff,               JUDICIAL NOTICE IN SUPPORT
                                        OF MOTION TO DISMISS
16       v.                             COMPLAINT**

17  TIME WARNER CABLE INC.,

18             Defendant.              Date:  January 7, 2013
                                       Time:  8:30 a.m.
19                                     Dept:  750 (Roybal Building)
                                       Judge:  Hon. John A. Kronstadt
20

21        Pursuant to Federal Rules of Evidence 201(b), (c) and (d), defendant Time

22  Warner Cable Inc. ("TWC"), by and through its counsel of record, hereby requests

23  the Court take judicial notice of the following documents, and the evidence

24  contained therein, submitted in support of its motion to dismiss the complaint:

25        1.    Exhibit A:  Time Warner Cable Residential Services Subscriber

26              Agreement ("Subscriber Agreement"), located at

27              http://help.twcable.com/html/twc_sub_agreement.html (last visited

28              September 14, 2012).

                              -1-

2.     Exhibit B:  Time Warner Cable Subscriber Privacy Notice ("Privacy Notice"), located at http://help.twcable.com/html/twc_privacy_notice.html (last visited September 14, 2012).

3.     Exhibit C:  Class Action Complaint, filed June 01, 2012, *Bayer et al. v. Comcast Cable Communications, LLC*, No. 3:12-cv-02826-JCS, United States District Court for the Northern District of California ("Comcast Complaint").

4.     Exhibit D:  Class Action Complaint, filed June 01, 2012, *Hodsdon et al. v. DirecTV, LLC*, No. 3:12-cv-02827-JSW, United States District Court for the Northern District of California ("DirecTV Complaint").

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of the existence and the content of the Subscriber Agreement and the Privacy Notice because, if a plaintiff fails to attach to the complaint a document on which he bases his claims or to which he refers in the complaint, the defendant may take judicial notice of such a document in support of a Rule 12(b)(6) motion. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (*overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)).  Where the court takes judicial notice of a document referred to in the complaint, or on which the plaintiff bases his claims, and the document does not support the claim, the complaint may be dismissed for failure to state a claim. *Id.*

Indeed, to prevent plaintiffs from "deliberately omitting references to documents upon which their claims are based," courts have extended this rule to permit defendants to attach to their Rule 12(b)(6) motion, documents, the authenticity of which is not contested, and upon which a plaintiff's complaint necessarily relies, even though the complaint does not mention the documents. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (superseded by statute on other grounds).

-2-

1    Here, the Court may take judicial notice of the Privacy Notice (Exhibit B)

2    because Plaintiff refers to it in his complaint.  Indeed, paragraph 21 of the

3    complaint quotes a portion of this document.

4    The Court may also take judicial notice of the Subscriber Agreement,

5    because Plaintiff's complaint relies on the Subscriber Agreement, but Plaintiff does

6    not refer to it.  Indeed, Plaintiff alleges he entered into an implied contract with

7    TWC, but fails to acknowledge his relationship with TWC is governed by an

8    express contract, the Subscriber Agreement (Exhibit A).  Moreover, Plaintiff

9    alleges repeatedly he "signed up for," "purchased," or "subscribed to Time

10   Warner's cable service."  Compl., ¶¶ 35, 56, 66, 77, 82, 99.  Signing up for TWC's

11   service means agreeing the Subscriber Agreement governs such service.  Because

12   Plaintiff fails to attach the Subscriber Agreement to the complaint, or describe it

13   with any particularity, the Court may take judicial notice of it.

14   Finally, pursuant to Federal Rule of Evidence 201, the Court may also take

15   judicial notice of both the Comcast Complaint (Exhibit C) and the DirecTV

16   Complaint (Exhibit D) because the Court may take judicial notice of pleadings from

17   "other jurisdictions if the documents are capable of accurate and ready confirmation

18   by sources that cannot reasonably be questioned."  *Yuen v. U.S. Stock Transfer Co.*,

19   996 F. Supp. 944, 945 fn.1 (C.D. Cal. 1997).  The Comcast Complaint and the

20   DirecTV Complaint are both accessible through the Northern District of

21   California's online Pacer system.

22   Federal Rule of Evidence 201(c)(2) provides a request for judicial notice is

23   mandatory and the Court must take judicial notice of judicially noticeable matters

24   (*i.e.*, those matters permitted under Rule 201) if a party so requests, and furnishes

25

26

27

28

-3-

1  the Court with sufficient information to enable it to take judicial notice of the

2  matters.  Exhibits A, B, C, and D attached to this Request for Judicial Notice satisfy

3  these requirements.

4

5  Dated:  September 17, 2012                    WHITE & CASE LLP

6

7  By:  /s/Bryan A. Merryman
                                                              Bryan A. Merryman

8  Attorneys for Defendant
9  TIME WARNER CABLE INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28